IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GEORGE McARTHUR,                    :
                                    :
        Plaintiff,                  :
                                    :
v.                                  :        CIVIL ACTION 07-0234-M
                                    :
GERALD LEROY WONG and               :
MARTEN TRANSPORT LTD.,              :
                                    :
        Defendants.                 :


MEMORANDUM OPINION AND ORDER


        This action comes before the Court on Defendants' Motion for
Partial Summary Judgment (Doc. 45-47).   Jurisdiction has been
invoked in this Court under 28 U.S.C. § 1332.   The parties filed
written consent and this action has been referred to the
undersigned Magistrate Judge to conduct all proceedings and order
the entry of judgment in accordance with 28 U.S.C. § 636(c) and
Fed.R.Civ.P. 73 (*see* Doc. 10).   After consideration, Defendants'
motion is **GRANTED** in part and **DENIED** in part.

        The facts, very briefly, are as follows.   Plaintiff George
McArthur is a resident of Mobile, Alabama (*see* Doc. 18, ¶ 1).[1]
Defendant Gerald Leroy Wong is a resident of North Carolina who
was employed by Defendant Marten Transport, Ltd. (hereinafter
*Marten*) from 1996 through 2006 as a company driver (Doc. 45,
Exhibit A [Wong Depo.], pp. 8-9).   Marten is incorporated under

---

[1]Document eighteen is Plaintiff's Amended Complaint.

the laws of Delaware with its principal place of business in Wisconsin (Doc. 1, ¶ 4).  On January 19, 2006, Plaintiff was operating his vehicle on the roads of Mobile[2] when he was struck from behind by a tractor trailer owned by Marten, being operated by Wong, causing injury to McArthur and damage to his vehicle (Doc. 18, ¶ 7; Doc. 46, p. 2; *see also* Doc. 45, Wong Depo., pp. 101-04).

Plaintiff filed this action in the Mobile County Circuit Court, raising claims of negligence and recklessness, wantonness, negligent entrustment, and respondeat superior (Doc. 1, Exhibit A).  Marten[3] removed this action to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a) (Doc. 1, ¶ 5). Defendants subsequently filed a Motion for Partial Summary Judgment (Docs. 45-47); Plaintiff has filed a Response to the Motion (Docs. 50-51) to which Defendants have Replied (Doc. 53).

The Rules of Civil Procedure, in discussing summary judgment, state that

an adverse party [to a motion for summary

---

[2]In his complaint, McArthur has stated that he was "at or near Interstate-10 and Theodore Dawes Road" (Doc. 18, ¶ 7).  The Court takes judicial notice that these are roads in Mobile County within the jurisdiction of this Court.

[3]Wong had not been served at the time that this action was removed, so it was unnecessary for him to join in the removal.  *See Hooper v. Albany International Corp.*, 149 F.Supp.2d 1315, 1319 n.2 (M.D. Ala. 2001).  The Court notes that Wong subsequently filed an answer to the complaint in this Court (Doc. 8), signifying his apparent assent to this Court's jurisdiction.

> judgment] may not rest upon the mere
> allegations or denials of the adverse party's
> pleading, but the adverse party's response,
> by affidavits or as otherwise provided in
> this rule, must set forth specific facts
> showing that there is a genuine issue for
> trial.  If the adverse party does not so
> respond, summary judgment, if appropriate,
> shall be entered against the adverse party.

Fed.R.Civ.P. 56(e); *see also Celotex Corporation v. Catrett*, 477

U.S. 317, 325-27 (1986).  The Court further bears in mind, with

regard to the motion for summary judgment, that "there is no

issue for trial unless there is sufficient evidence favoring the

non-moving party for a jury to return a verdict for that party.

If the evidence is merely colorable or is not significantly

probative, summary judgment may be granted."  *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted).

Summary judgment may be granted against a party who fails to

establish the existence of an element essential to that party's

case and on which that party will bear the burden of proof at

trial.  *Id.*

     In their removal petition, Defendants allege that this Court

has diversity jurisdiction pursuant to 28 U.S.C. § 1441 and that

the amount in controversy exceeds $75,000 (Doc. 1).  Any civil

action over which the district court would have original

jurisdiction may be removed by the defendant to the district

court for the district in which the action is pending.  28 U.S.C.

§ 1441(a).  The district court has jurisdiction over actions

3

between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

In this action, there is no dispute that the parties are diverse as Plaintiff resides in Alabama, Wong resides in North Carolina, and Marten is incorporated under the laws of Delaware with its principal place of business in Wisconsin.  McArthur has raised no objection to Defendants' removal of this action, so this Court is satisfied that it has jurisdiction of this matter on the basis of diversity.

Defendants seek summary judgment as to Plaintiff's claims of recklessness, wantonness, negligent entrustment, and punitive damages (Doc. 45, p. 1; Doc. 46, pp. 5-8).  McArthur has conceded the claim of negligent entrustment (Doc. 50, p. 1)[4] so the Court will proceed to the other claims.

Under Alabama law,[5] "[p]unitive damages may not be awarded in any civil action other than in a tort action where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in [] wantonness [] with regard to the plaintiff."  Ala. Code § 6-11-20(a).  *Wantonness* is

---

[4]What Plaintiff actually states is confusing:  "Count III of Plaintiff's Complaint alleging negligent entrustment is not contested" (Doc. 50, p. 1).  However, as McArthur makes no argument regarding negligent entrustment in his Response, and Defendants have clearly raised arguments as to why they are entitled to summary judgment on this claim, the Court understands Plaintiff to be conceding the argument.

[5]In this action, Alabama law controls.  *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

defined to mean "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others."  Ala. Code § 6-11-20(b)(3).  *Clear and convincing evidence* is defined as follows:

> Evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion.  Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.

Ala. Code § 6-11-20(b)(4).

Wong testified, in deposition, that, at the time of the collision, he was driving west on I-10, that it was dark, and that he had just set his cruise control at sixty-five miles per hour (Doc. 45, Wong Depo., p. 129).  He noticed a vehicle on the shoulder of the road ahead of him, but did not perceive any danger (*id.*).  Wong was listening to satellite radio and diverted his attention from the road to change the radio setting; when he looked back up, the vehicle from the shoulder of the road was in the lane in front of him (*id.* at pp. 129-32).  Wong was "right on top of this vehicle" (*id.* at p. 129).

McArthur, in deposition, testified that he got onto the interstate and was traveling west at between 60-65 miles per hour in the right hand lane (Doc. 51, Exhibit 4 [McArthur Depo.], pp.

5

25-26).  About the time he was going through the Dawes-Theodore Road interchange, he saw that traffic was slowing down ahead of him, so he slowed down also; he then heard a "boom" and that was all he remembers (*id.*).  McArthur stated that he was on the road and that he had not pulled off or been on the shoulder (*id.* at p. 26).  The traffic accident report stated that the tractor trailer "was following too closely behind" McArthur's vehicle "which was slowing down, due to traffic ahead" (Doc. 51, Exhibit 1, p. 2).

Daniel Peterson, in deposition, testified that he was involved with safety for Marten[6] (Doc. 51, Exhibit 5 [Peterson Depo.], p. 5).  Peterson stated that the accident was preventable, that Wong "made a drastic error in judgment" and "did [not do] everything reasonable to prevent it from happening" (*id.* at p. 44).

After reviewing all of the evidence, the Court cannot say that Defendants have demonstrated that there is no triable issue of fact with regard to Plaintiff's claims of recklessness or wantonness.  The Court cannot say that a jury could not find that Defendant Wong acted recklessly or wantonly in operating a Marten vehicle when he collided with McArthur.  Therefore, Defendant's Motion for Summary Judgment as to Plaintiff's claims of recklessness, wantonness, and punitive damages is **DENIED** (Doc.

---

[6]The Court has been unable to find a title or job description for Peterson anywhere in the pleadings or evidence.

45).

In summary, Plaintiff has conceded that his claim for negligent entrustment is without merit.  Therefore, Defendants' Motion for Summary Judgment is **GRANTED** as to that claim (Doc. 45).  The Court has found that Defendants have not demonstrated that there is not a triable issue with regard to Plaintiff's claims for recklessness, wantonness, and punitive damages. Therefore, Defendants' Motion for Summary Judgment is **DENIED** as to those claims (Doc. 45).

DONE this 20th day of December, 2007.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE